U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF VERMONT

2021 JAN 13 PM 2:21

CLERK

BY _____
DEPUTY CLERK

MICHAEL ROSEN, )
    Plaintiff, )   Civil Action No. 2:21-cv-6
)
v. )
)
JAY PEAK, INC., )
    Defendant. )

## PLAINTIFF'S COMPLAINT

NOW COMES plaintiff, Michael Rosen, by and through his attorneys of record, Maley and Maley, PLLC, and hereby alleges and states as follows:

### The Parties

1. Plaintiff, Michael Rosen, (hereinafter referred to as "Plaintiff"), is a resident of Woodmere, New York.

2. Defendant, Jay Peak, Inc., (hereinafter referred to as "Defendant"), is a Vermont corporation with a principal place of business in Jay, Vermont. For purposes of this Complaint, "Defendant" will include Jay Peak, Inc.'s agents, employees, and representatives for whom it is legally responsible.

3. Defendant Jay Peak, Inc., is under Receivership in the U.S. District Court in the Southern District of Florida, Case No. 16-cv-21301.

4. Michael Goldberg, Esq. is Receiver for Jay Peak, Inc., with a principal place of business at 350 East Las Olas Blvd., Suite 1600, Fort Lauderdale, Florida.

MALEY AND
MALEY, PLLC
ATTORNEYS AT LAW
30 MAIN STREET
SUITE 450
PO BOX 443
BURLINGTON, VT
05402-0443

1

## Jurisdiction

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a) as the matter involves citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## Venue

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a)(2), because Defendant owns and operates a ski area in the State of Vermont and because the events which give rise in this action occurred at Defendant's ski area in Vermont.

## Factual Allegations

7. Defendant is a ski resort located in Jay, Vermont.

8. On January 18, 2020, Michael Rosen arrived at Jay Peak Resort and Defendant's ski mountain for a vacation.

9. Plaintiff was a paying customer of Defendant.

10. On January 18, 2020, on his first run of the day on the first day of his trip, Plaintiff and his companion, Carol Ann Germano, took the Metro Quad lift to Deer Run Trail.

11. Deer Run Trail was a relatively flat, green circle trail ("easiest").

12. Shortly after the intersection of Deer Run Trail and Bushwacker Glades Trail, there was an area on Deer Run trail that was closed off with caution tape.

13. Skiers had the option of either skiing to the right or the left of that marked off section.

14. On the right side of the Deer Run Trail, there was a large, unmarked hole.

MALEY AND MALEY, PLLC
ATTORNEYS AT LAW
30 MAIN STREET
SUITE 450
PO BOX 443
BURLINGTON, VT
05402-0443

2

15. Defendant knew the hole existed prior to the time Plaintiff took his first run of the day.

16. Upon information and belief, the hole had existed in that place on occasions before January 18, 2020, and Defendant was aware of its existence in that location.

17. The hole was not in a location that was "out of bounds."

18. The hole was on the skiable portion of Defendant's ski mountain.

19. Defendant did not groom the hole.

20. Defendant did not fill the hole.

21. Defendant did not mark the hole in any fashion.

22. Defendant did not warn of the hole in any fashion.

23. Prior to and during Plaintiff's first run of the day, the hole was not clearly visible to someone skiing on Deer Run until the skier would be too close to safely avoid the hole.

24. The hole was not a natural part of the ski mountain or the terrain.

25. The hole was not the result of some unforeseeable change in climate.

26. The hole was unreasonably dangerous.

27. When Plaintiff skied on Deer Run, Plaintiff skied on the right side of Deer Run Trail from the perspective of skiing downhill, avoiding the caution tape which was to his left.

28. Plaintiff was skiing slowly, under control, and in a reasonably prudent fashion.

29. Plaintiff was looking downhill in front of him, when, without warning, Plaintiff was suddenly on top of the edge of the deep hole on the Deer Run Trail.

MALEY AND
MALEY, PLLC
ATTORNEYS AT LAW
30 MAIN STREET
SUITE 450
PO BOX 443
BURLINGTON, VT
05402-0443

3

30. The large hole on the Deer Run Trail was not visible until Plaintiff was right next to it.

31. In the exercise of reasonable care, Plaintiff was unable to avoid the hole.

32. The tips of both of Plaintiff's skis hit the far side of the hole below the hole's rim.

33. Plaintiff was catapulted forward, his feet landing first, followed by his back, then his head.

34. Plaintiff's body violently flipped and struck the ground.

35. Plaintiff's skis were stuck in the large hole, at approximately a 45 degree angle with only the tips sticking out and visible.

36. Plaintiff's companion, who examined the hole immediately after Plaintiff was catapulted, estimates that the hole was approximately 3-4 feet wide and 3-4 feet deep.

37. Ski patrol for Defendant arrived at the scene, and after examining the hole, a ski patroller for Defendant stated that the hole should have been marked off.

38. A witness asked Defendant's ski patrol personnel to mark off the hole so that other skiers would not get injured.

39. A witness stuck Plaintiff's skis in the ground in an X fashion to mark the hole so that no one else would ski into it.

40. Plaintiff was taken by toboggan to the base of the mountain where it was determined that his injuries should be treated elsewhere.

41. Plaintiff was transferred by ambulance to North Country Hospital, where Plaintiff's dislocated shoulder was re-set.

MALEY AND
MALEY, PLLC
ATTORNEYS AT LAW
30 MAIN STREET
SUITE 450
PO BOX 443
BURLINGTON, VT
05402-0443

4

42. It was also determined at North Country Hospital that Plaintiff suffered from fractures to both ankles.

43. Due to the severity of his injuries, Plaintiff was transferred once again by ambulance from North Country Hospital to University of Vermont Medical Center (UVMMC).

44. Once at UVMMC, it was confirmed that Plaintiff suffered bilateral pilon fractures of his tibia and fibula, which required surgeries and hospitalization for 19 days.

45. Plaintiff has treated with orthopedic specialists and physical therapists after discharge from the hospital.

46. Plaintiff was unable to walk without assistance for approximately six months after sustaining his injuries at Defendant's ski mountain.

47. Plaintiff still suffers from pain and disability

48. Plaintiff, a dentist by trade, has been unable to return to work since sustaining his injuries at Defendant's ski mountain almost a year ago.

## Cause of Action-Negligence

49. Paragraphs 1-48 are hereby re-alleged and incorporated herein by reference.

50. At all times material to this action, Plaintiff was a paying guest, customer and invitee of Defendant.

51. Defendant owed Plaintiff a duty to ensure Plaintiff was not exposed to any unreasonable and unnecessary dangers existing at its ski mountain.

52. Defendant owed a duty of reasonable care to Plaintiff that its premises would be kept in a safe and suitable condition.

MALEY AND
MALEY, PLLC
ATTORNEYS AT LAW
30 MAIN STREET
SUITE 450
PO BOX 443
BURLINGTON, VT
05402-0443

5

53. The hole was an expected condition by Defendant because it had existed prior to January 18, 2020.

54. The hole had existed at the same location on dates prior to January 18, 2020.

55. The hole was a known condition by Defendant prior to January 18, 2020.

56. The hole that Defendant allowed to exist on its trail was not an obvious, necessary risk inherent to skiing.

57. This deep, wide hole was in an area that it was reasonably foreseeable to Defendant that a guest and customer like Plaintiff would ski.

58. This deep, wide hole was not intrinsic to the sport of skiing.

59. Skiing into a hidden, deep and wide hole with a straight drop off as Plaintiff did is not a risk inherent to the sport of skiing.

60. This deep, wide hole on a downhill ski trail was not a risk or hazard a reasonable skier like Plaintiff would know or appreciate.

61. This deep, wide hole on a downhill ski trail is a risk which a ski area like Defendant can be and is reasonably required to prevent or warn against.

62. Defendant had warned against other hazards on Deer Run Trail prior to the deep wide hole that caused Plaintiff's injuries.

63. The caution tape on Deer Run Trail meant that a skier was directed to ski either to the right or left of the area which was marked off.

64. The path which Plaintiff skied prior to falling into the hole was reasonable and foreseeable to Defendant.

65. The hole was deep enough and wide enough that it did not come into existence suddenly and without warning.

MALEY AND
MALEY, PLLC
ATTORNEYS AT LAW
30 MAIN STREET
SUITE 450
PO BOX 443
BURLINGTON, VT
05402-0443

66. This deep wide hole on a downhill ski trail was not an obvious, necessary or inherent risk of skiing.

67. Defendant knew or should have known that under the circumstances that the location of the hole was in an area where a skier like Plaintiff would ski.

68. Defendant knew or should have known in the exercise of reasonable care that a deep, wide hole existed that was not a natural condition.

69. Defendant breached its duty to Plaintiff by allowing an unreasonably dangerous hole to exist on in an area where it was foreseeable that someone would ski.

70. Defendant breached its duty to Plaintiff by failing to inspect the areas in which skiers would ski on and near the Dear Run Trail prior to allowing customers, including Plaintiff, to ski in that area on January 18, 2020.

71. Defendant further breached its duty of care by failing to mark off the hole in prominent fashion so that downhill skiers like Plaintiff could see the danger, avoid the area and avoid injury.

72. Defendant further breached its duty to Plaintiff by failing to appropriately groom its trail prior to opening it for customers like Plaintiff on January 18, 2020.

73. If Defendant could not fill the whole or make it safe by prominent markings, then Defendant further breached its duty to Plaintiff by failing to close the area for skiing.

74. As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious physical and emotional injuries.

MALEY AND
MALEY, PLLC
ATTORNEYS AT LAW
30 MAIN STREET
SUITE 450
PO BOX 443
BURLINGTON, VT
05402-0443

75. As a direct and proximate result of Defendant's negligence, Plaintiff suffered and will continue to suffer great physical pain, suffering, disability, mental anguish and loss of enjoyment of life.

76. As a direct and proximate result of Defendant's negligence, Plaintiff suffered and will continue to suffer financial loss in the form of past and future medical expenses and lost wages.

WHEREFORE, Plaintiff seeks damages in an amount that is fair, just and adequate as determined by the trier of fact.

**PLAINTIFF MAKES THIS HIS DEMAND FOR TRIAL BY JURY.**

Dated at Burlington, Vermont this 13th day of January, 2021.

BY: **PLAINTIFF MICHAEL ROSEN**
**MALEY AND MALEY, PLLC**

Christopher J. Maley
Attorney for Plaintiff
30 Main Street, Suite 450
P.O. Box 443
Burlington, VT 05402
(802) 489-5258
chris@maleyandmaley.com

MALEY AND
MALEY, PLLC
ATTORNEYS AT LAW
30 MAIN STREET
SUITE 450
PO BOX 443
BURLINGTON, VT
05402-0443